**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua R. Macias, | No. CV-19-01961-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| PTI Security Systems, | |
| Defendant. | |

Pending before the Court is the Application for Leave to Proceed In Forma Pauperis (Doc. 2), which the Court hereby grants. The Court must screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). Pursuant to that screening, Plaintiff's Complaint (Doc. 1) is dismissed with leave to amend.

The Court must dismiss the case if it determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (noting that "section 1915(e) applies to all in forma pauperis complaints" and holding that although dismissal is required, leave to amend may be granted). Portions of the statement of claim appear to have been entered into a field that cut off any text that did not fit into the field size, such that only part of the text appears on the face of the Complaint. The portion of text that is visible in the Complaint does not allege facts that state a claim on which relief may be granted. Indeed, the Court was unable to discern any comprehensible factual allegations.

…

Furthermore, the Court has an obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

In the "Basis for Jurisdiction" section of the Pro Se Complaint for a Civil Case form that Plaintiff used for his Complaint, Plaintiff checked both boxes: federal question and diversity of citizenship. (Doc. 1 at 3.) However, in the section requiring Plaintiff to "[l]ist the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case" to establish federal question jurisdiction, the visible part of Plaintiff's response lists chapters of Title 18 of the United States Code (Crimes and Criminal Procedure). (*Id.*) Plaintiff does not identify any federal law permitting him to bring a civil lawsuit. And in the section requiring Plaintiff to state the facts that would give rise to diversity jurisdiction, Plaintiff alleges that he and Defendant are both citizens of Arizona. (*Id.*) Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Because Plaintiff alleges that both parties to this lawsuit are citizens of the same state, the suit cannot proceed in federal court under diversity jurisdiction.

Thus, the Court will dismiss the complaint (1) because it fails to establish that this Court has subject-matter jurisdiction (based on either federal question or diversity grounds) and (2) because it fails to state a claim on which relief can be granted. The Court will grant leave for Plaintiff to file an amended complaint. *Lopez*, 203 F.3d 1127 (under Rule 15(a), leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities"); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("Courts may permit parties to amend defective allegations of

jurisdiction at any stage in the proceedings."); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

Plaintiff's amended complaint must follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Additionally, Plaintiff is advised that his amended complaint must satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, the amended complaint shall contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of each specific claim asserted against each Defendant, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). These pleading requirements are to be set forth in *separate and discrete numbered paragraphs*, and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

Plaintiff is advised that if he elects to file an amended complaint but fails to comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). Given this specific guidance on pleading requirements, the Court is not inclined to grant Plaintiff leave to file another amended complaint if the first amended complaint is found to be deficient. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*,

866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Plaintiff is directed to become familiar with the Local Rules and the Federal Rules of Civil Procedure and is advised of the Free Self-Service Clinic at the Phoenix courthouse. For information, visit the Court's internet site at: www.azd.uscourts.gov. Proceed to the box entitled *For Those Proceeding Without an Attorney* and then the link entitled *Federal Court Self Service Clinic - Phoenix.*

Accordingly,

**IT IS ORDERED** that the Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 4) is **dismissed** with leave to file an amended complaint by **May 31, 2019**. The amended complaint must establish the basis for jurisdiction and set forth the facts underlying the asserted claims.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint by May 31, 2019, the Clerk of Court **shall terminate the action** on June 3, 2019.

Dated this 30th day of April, 2019.

Dominic W. Lanza
United States District Judge